J. O. DUENSING v. PAINE & WILLIAMSON, Appellants.

**Partnership.** Where, as in this action, the plaintiff's sole authority was to act for defendants, who were the agents for the sale of lands, in making sales to purchasers in a certain neighborhood in consideration for one-half of the net commissions received by defendants, the arrangement did not constitute a partnership between the parties.

**Agency:** COMMISSION CONTRACTS: LEGALITY. The plaintiff in this ac-

tion was acting as subagent for defendants in the sale of lands for another, and upon defendants' discharge as agents he was appointed in their stead and entered into an agreement with them to divide the commissions to be derived from certain unfinished sales.

*Held*, that the agreement was not illegal although defendants immediately upon termination of their agency obtained another agency from a rival company.

*Appeal from Wright District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, MARCH 13, 1911.

ACTION in equity for an accounting as to profits and expenses in certain real estate transactions in which plaintiff claims that he was jointly interested as agent with the defendants. The defendants deny the allegations of plaintiff's bill, and also, by way of cross-bill, claim a share in certain commissions received by plaintiff. The lower court granted relief to plaintiff as to one of the transactions in which he claimed an interest, and denied defendants any recovery on their cross-bill. Defendants appeal.—*Reversed* and *remanded*.

*Sylvester Flynn,* for appellants.

*McGrath & Archerd,* for appellee.

McCLAIN, J.—In the summer of 1907 defendants were the agents for the George W. Wright Land Company to sell lands in the Texas Pan Handle on a commission of $1 per acre. In August plaintiff went in company with defendants to Texas as a prospective purchaser and did purchase one hundred and sixty acres of land through their agency. On the return trip he was solicited by defendants to assist them in procuring other purchasers

from the neighborhood in which he resided which was generally described as the territory around the town of Vincent, defendants being residents of Eagle Grove in the same county. The proposition was that defendants would give plaintiff one-half the commissions received by sales to residents in the neighborhood of Vincent, plaintiff paying one-half the expense involved in such transactions. Plaintiff's claim is for one-half the net commissions on two sales, one to the Lowmillers, the other to Watson. The court disallowed the claim of the plaintiff on account of the Lowmiller sale, apparently on the ground that the Lowmillers did not reside within the territory over which plaintiff's agency was intended to extend. As plaintiff has not appealed we shall have no further occasion to refer to this portion of his claim.

In their statement of points relied upon for reversal counsel for appellants raise no question as to the correctness of the action in the lower court in allowing a recovery of a share of the commission in the Watson transaction, and we have no occasion therefore to go into the details relating to the allowance made to plaintiff on that account.

The sole controversy on this appeal is as to defendants' counterclaim with reference to which the record shows the facts to have been in brief as follows: On plaintiff's return trip from Texas after effecting the Watson sale he was solicited by the Wright Company to become the agent of that company on the same terms as those under which defendants had been acting for the company, and in October or November, 1908, accepted a written appointment from one Donavan who had previously been acting as the agent of the Wright Company. Subsequently he was appointed by the same general agent to represent the Associated Land Company, which seems to have been in a sense the successor of the Wright Company, at least to the extent that it was handling the same lands and had the same general agent. In November Donavan notified

defendants that their agency for the Wright Company was canceled. Defendants had already accepted an agency for the Scenic City Land Company to handle lands in another portion of Texas. Prior to these changes in the relation of the parties to the Texas land business and to each other, plaintiff, under the general directions of defendants, and to some extent with their assistance and also to the knowledge of Donavan, had been soliciting three persons near Vincent to buy lands of the Wright Company, and in connection with the cancellation by Donavan of defendant's contract of agency, they were advised by him that after the date of such cancellation "any business done for us by you will be done through J. O. Duensing of Eagle Grove. This is till further notice." From this instrument it does not appear for whom Donavan was speaking, but it must be presumed, we think, that he was speaking for the Wright Company with whom defendants had a contract of agency. The testimony of defendants as witnesses and of one Smith their agent, who had assisted in soliciting the last three prospective purchasers near Vincent, was that after it was mutually understood between defendants and plaintiff that defendants had lost the agency for the lands handled by the Wright Company, and plaintiff had been appointed by the Associated Land Company to handle the same lands, an arrangement was made between defendants and plaintiff by which these three prospective purchasers were to be further solicited to purchase land such as was within the agency of the defendants acting for the Wright Company, and, if sales were effected to such purchasers, the commissions should be divided with defendants on the same terms as such commissions would have been divided had defendants retained the agency for the Wright Company and received the commissions for such sales. In a general way, plaintiff as a witness denied any such arrangements; but his testimony was given as the first witness in the case, and before there was any specific tes-

timony for defendants on the subject, and he was not re-
called for the purpose of denying such specific testimony
or negativing in any particular manner the arrangement
to which defendants and their witness Smith testified; and
we can not avoid the conclusion that such an arrangement
was made.  Subsequently the three prospective purchasers
above referred to went to Texas, being accompanied to Des
Moines by plaintiff, where they were turned over to Dona-
van, and each purchased a tract of one hundred and sixty
acres of the land for which plaintiff was agent.  There is
no question but that plaintiff received the entire commis-
sion for these sales in the gross sum of $480.

Several questions are argued by counsel relating to
the validity of the alleged arrangement between plaintiff
and defendants by which any commissions received by
plaintiff for sales to these prospective pur-
chasers were to be divided with defendants.

1. PARTNERSHIP.

It is contended for plaintiff that there was a partnership
for the sale of the Wright Company lands between plain-
tiff and defendants, which partnership was necessarily
terminated when defendants ceased to be agents for the
sale of such lands; while the contention for defendants is
that after the dissolution of such partnership plaintiff
had the right to close up its unfinished business and was
bound to account to defendants for their share of such
business.  We do not find that the arrangement between
plaintiff and defendants as originally entered into con-
templated or amounted to a partnership.  They certainly
did not become partners in the general land business, nor
did they become general partners in the business of selling
Wright Company lands.  Plaintiff's sole authority was to
act for defendants in effecting sales to purchasers who
might be found in the neighborhood of Vincent, and
while he was to receive one-half the net commissions, we
think it plain that he was to receive such share only as
subagent of defendants.  We have no occasion therefor

to consider the powers and duties of one partner after the dissolution of a partnership.

The termination of the agency of defendants necessarily terminated any interest they may have had in the business with the prospective purchasers, for under their contract of agency they were entitled only to commissions on land sold, and there was no provision whatever by which after a termination of their contract they would be entitled to any interest in sales not effected while the contract was in force. Had it not been for the arrangement which we have found to have been mutually made between defendants and plaintiff after defendants' contract was canceled defendants would have had no interest whatever in commissions for sales subsequently effected by plaintiff either for the Wright Company or for the Associated Land Company. It is only on the basis of that arrangement that defendants are now entitled to a share of the commissions received by plaintiff for sales made to these three prospective purchasers.

Something is said in argument as to the invalidity of any arrangement by which defendants, after their agency for the Wright Company was terminated and after they had become agents for the Scenic City Land Company, a rival concern in the sale of Texas lands, should undertake in violation of their duty to the Scenic City Land Company to further the sale of Wright Company lands to these prospective purchasers. We find no illegality in such arrangement. So far as the Wright Company and the Associated Land Company were concerned, Donavan had already indicated in canceling the contract with defendants that they might continue to act through plaintiff with reference to any unfinished business or sales in contemplation. So far as the Scenic Land Company was concerned the agency given to defendants does not seem to have been exclusive on either side. While the terms of that contract do

2. AGENCY: commission contracts: legality.

not appear specifically in the record it seems to be conceded that in general purport it was the same as that which had existed between the defendants and the Wright Company, and by reference to the terms of that contract it plainly appears that no exclusive agency was created. Defendants might have continued without any inconsistency to represent the Wright Company after their contract with the Scenic City Land Company was made.

We reach the conclusion that there was an arrangement between the defendants and plaintiff after the latter became the agent for lands previously handled by the Wright Company by which defendants agreed not to undertake to solicit these prospective purchasers for the Scenic City Land Company's land and by which plaintiff undertook to divide commissions on any sales made to these purchasers with defendants. Such arrangement being valid we see no reason why defendants should not have one-half the net commissions for sales subsequently made by plaintiff to such purchasers.

The lower court allowed plaintiff interest on his share of the Watson commission from the date of its receipt. Counsel for appellants question the plaintiff's right to such interest on the theory that the arrangement under which the sale was made amounted to a partnership and they contend that a partner is not liable in accounting for interest on any portion of the partnership assets which have been received by him in the course of partnership business. As we think there was no partnership, but only a contract for the division of commissions after they might be received, the decree of the trial court as to interest in plaintiff's favor must be sustained.

We reach the conclusion that the trial court erred in not allowing to defendants any share in the commissions received by plaintiff as the result of sales effected to the three purchasers who were in contemplation when the new arrangement between defendants and plaintiff was

made, and the case will be remanded to the lower court for the purpose of determining the charges and expenses which plaintiff incurred and paid in effecting such sales in order to determine the net amount of commissions in which defendants are entitled to participate.

*Reversed* and *remanded*.